# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RANDY THOMAS SOWELL, JR.,    )
    )
    Petitioner,    )
    )  1:12CV118
    v.    )  1:05CR401-2
    )
WARDEN FOR YAZOO MISSISSIPPI,    )
et al.,    )
    )
    Respondent.    )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Randy Thomas Sowell, Jr., a former federal prisoner, brings a Petition [Doc. #1][1] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner pled guilty to one count of conspiracy to possess and utter counterfeited securities in violation of 18 U.S.C. §§ 371 and 513(a) and two counts of possessing and uttering counterfeited securities in violation of 18 U.S.C. § 513(a). He received concurrent sentences of 53 months imprisonment on each count, to be followed by three years of supervised release. Petitioner served his sentence of imprisonment before being placed on supervised release, but thereafter violated his conditions of release, leading to the revocation of his supervised release and the imposition of a 24-month sentence of imprisonment with no further obligation of supervised release. While serving that sentence, Petitioner filed the present Petition, in which he raises a single claim asserting that the length of the sentence of

---

[1] This and all further cites to the record are to the civil case.

imprisonment imposed at his revocation hearing is no longer valid based on <u>United States v.</u> <u>Simmons</u>, 649 F.3d 237 (4th Cir. 2011).

The Government opposes relief on several grounds, including a lack of merit. These contentions appear to be well-taken, and the Court notes in particular that it does not appear that <u>Simmons</u> would affect Petitioner's supervised release sentence in any way.[2] However, the Court need not address the matter further, as Petitioner's only challenge is to the length of his sentence of imprisonment, and the records of the United States Bureau of Prisons reflect that that Petitioner completed his sentence of imprisonment on May 22, 2013. <u>See</u> <u>http://www.bop.gov/inmateloc/</u>. Petitioner's release means that he is no longer in federal custody and moots any challenge to his sentence. His Petition should be dismissed for that reason.[3]

IT IS THEREFORE RECOMMENDED that the Petition [Doc. #1] be dismissed as moot and that this action be dismissed.

This, the 20th day of January, 2015.

    /s/ Joi Elizabeth Peake           
United States Magistrate Judge

---

[2] The Court notes that the state sentences challenged by Petitioner are still felonies even after <u>Simmons</u>. The offenses were Class H felonies sentenced in the presumptive range, and Petitioner had a criminal history level of IV. Using the table in North Carolina General Statute § 15A-1340.17 in effect at the time of Petitioner's conviction, the possible minimum sentences ranged from 9 to 11 months. The corresponding maximum sentences ranged from 11 to 14 months. Therefore, a defendant in Petitioner's position could have been given up to 14 months of imprisonment.

[3] If for any reason Petitioner does not believe that his § 2241 Petition is moot, he should so state in an Objection to this Recommendation.